IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOSHUA E. SHORT,

           Plaintiff,

v.                          CIVIL ACTION NO. 2:22-cv-00589

SERGEANT COLE CROGHAN,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Summary Judgment* (Document 30), the *Memorandum of Law in Support of Defendant's Motion for Summary Judgment* (Document 31), the *Plaintiff's Memorandum of Fact and Law in Response to Defendant's Motion for Summary Judgment* (Document 32), and the Defendant's *Reply to Plaintiff's Memorandum of Fact and Law in Response to Defendant's Motion for Summary Judgment* (Document 34). For the reasons stated herein, the Court finds that the motion should be denied.

**FACTS[1]**

The Plaintiff, Joshua Short, is an inmate in the custody of the West Virginia Division of Corrections and Rehabilitation (WVDCR). At the time of the incident at issue, he was incarcerated at Northern Regional Correctional Center in Moundsville, West Virginia. The Defendant, Cole Croghan, is a Sergeant at the prison. The WVDCR was initially named as a Defendant but was voluntarily dismissed early in the proceedings.

---

1 The facts are recounted in the light most favorable to the Plaintiff, as the non-moving party.

On September 17, 2020, an officer walked by Mr. Short's cell for the count and smelled alcohol.[2] She called for additional officers. Sergeant Croghan and five or six other correctional officers went to Mr. Short's cell. They removed Mr. Short's cellmate first. Mr. Short remained in his bunk, which he explained was protocol to allow for removal of one inmate at a time. Sgt. Croghan directed him to get up. Mr. Short questioned why he was being removed from his cell, asserting that he was not doing anything wrong. Sgt. Croghan repeated the order, and Mr. Short got up from his bunk. He stumbled slightly as he rose. Sgt. Croghan deployed his taser.[3] Medical records indicate that Mr. Short had prong marks from the taser on his left upper side and left lower side, and Mr. Short indicates that the prongs hit him in the back. After he was tased, officers handcuffed him behind his back and took him to see a nurse, although he was somewhat uncooperative with the medical assessment. Mr. Short hit his knee as he fell when he was tased. He continues to suffer knee pain, which interferes with his ability to participate in physical activity he used to enjoy.

The Plaintiff seeks relief for the following counts against Sgt. Croghan: Count One – Outrageous Conduct; and Count Two – Violation of 42 U.S.C. § 1983/Excessive Force/Cruel and Unusual Punishment.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as

---

[2] Mr. Short concedes that he had been drinking, although he does not believe he was highly intoxicated.
[3] Sgt. Croghan and some of the other officers present contend that Mr. Short lunged aggressively at Sgt. Croghan. Sgt. Croghan claimed that he took a fighting stance, with his fists raised. Mr. Short denies lunging or taking an aggressive stance, and some of the officers' reports and/or prior testimony support his account. For purposes of the motion for summary judgment, this factual dispute must be resolved in favor of Mr. Short.

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of

3

credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Sergeant Croghan argues that he is entitled to summary judgment because he used the taser in a good faith effort to restore order. He contends that Mr. Short was intoxicated, refused orders, and lunged aggressively at him. Under those facts, he argues the use of force was justified to protect himself and others and to restore order. In addition, he argues that he is entitled to qualified immunity. Sgt. Croghan reasons that the "Plaintiff cannot establish that this Defendant violated a clearly established statutory or constitutional right by utilizing less lethal force to attempt to gain control of an unrestrained inmate, refusing direct orders and showing signs of, not just aggression, but also intoxication." (Def. Mem. at 9-10.) He argues that Mr. Short's recollection of events is not credible given his admitted intoxication. Even if Mr. Short did not intentionally make an aggressive movement toward Sgt. Croghan, the Defendant contends that he is entitled to qualified immunity because he was faced with an intoxicated, aggressive, non-compliant inmate who left his bunk and stumbled as he moved toward the officers, which they could reasonably perceive as an aggressive movement.

The Plaintiff notes that the Defendant did not present argument regarding the outrageous conduct count. With respect to his Eighth Amendment claim, he contends that he did not disobey orders, take an aggressive stance towards the officers, lunge towards Sgt. Croghan, or pose a threat in any way. He points out that even the accounts of the correctional officers who were present differ. He argues that these factual disputes preclude summary judgment. Mr. Short also argues that qualified immunity is inappropriate, given that, under his version of events, Sgt. Croghan tased him while he was not resisting and posed no threat in violation of well-established precedent on excessive force.

"Excessive force claims brought by convicted prisoners are governed by the Eighth Amendment's prohibition against cruel and unusual punishment." *Fraley v. Davis*, No. 21-6641, 2022 WL 3210702, at *1 (4th Cir. Aug. 9, 2022) (unpublished). The Supreme Court has recognized that prison officials must retain the ability to act quickly when necessary to restore and maintain order. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Thus, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is…whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* The Fourth Circuit has summarized the factors courts consider to determine whether force was applied in good faith or with the intent to cause harm:

1. The need for the application of force;
2. The relationship between the need and the amount of force that was used;
3. The extent of any reasonably perceived threat that the application of force was intended to quell; and
4. Any efforts made to temper the severity of a forceful response.

*Fraley*, 2022 WL 3210702, at *1–2 (describing the *Whitley* factors, derived from *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Qualified immunity is an affirmative defense intended to shield public officials from civil suits arising out of their performance of job-related duties. *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Defendants asserting a qualified immunity defense first bear the burden of "demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties." *In re Allen*, 106 F.3d 582, 594 (4th Cir. 1997) (internal quotation marks omitted.) The defense of qualified immunity is available unless the official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff…." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (internal emphases omitted). Officials are protected even if they make reasonable mistakes of fact or law, so long as they do not violate a clearly established statutory or constitutional right. *Pearson*, 555 U.S. at 231–32. "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (internal quotation marks and citations omitted).

The Fourth Circuit has recognized that tasers are designed to cause excruciating pain and constitute a serious use of force. *Brooks v. Johnson*, 924 F.3d 104, 112–13 (4th Cir. 2019) (finding summary judgment inappropriate where officers used a taser three times on an inmate who refused to comply with orders to be photographed because a reasonable jury could find the use of force was designed to punish rather than maintain order). The Fourth Circuit also rejected the officers' qualified immunity claim, concluding that "it was clearly established that a

corrections officer's use of force in bad faith—not to preserve order or induce compliance, but to punish through the wanton infliction of pain—violates an inmate's Eighth Amendment right." *Id.* at 119 (internal quotation marks omitted). The court also noted prior cases offering specific guidance on use of tasers and similar uses of force. *Id.*

The Plaintiff has presented evidence that Sgt. Croghan deployed a taser at him when he was complying with orders and posed no threat, causing him pain and causing injury to his knee when he fell to the ground. The Defendant requests summary judgment based on his version of the facts, wherein Mr. Short physically threatened him. But those facts are disputed, and the Court must view the evidence in the light most favorable to the Plaintiff. Therefore, the Court must decline the Defendant's invitation to disregard the Plaintiff's testimony.

There is no dispute that the Plaintiff was intoxicated, but that is where the parties' agreement ends. The Plaintiff testified that he briefly questioned Sgt. Croghan's directive that he get up from his bunk to leave his cell, but complied when he was told the order was not open for discussion. As he tried to rise from his bunk, in accordance with Sgt. Croghan's order, Sgt. Croghan tased him. The slight stumble as he rose, that he describes, is not sufficient to presume an officer would have a basis for perceiving a threat, particularly given that officers were responding to an intoxicated inmate.[4] Applying the *Whitley* factors to these facts, there was no need for use of force, the level of force was inconsistent with the circumstances, and there was no

---

4 The stumble described by Mr. Short is also inconsistent with Sgt. Croghan's account that he entered a fighting stance with his fists raised and lunged at him, emphasizing that resolution will require credibility determinations. Sgt. Croghan argues in his reply brief that he "was faced with an intoxicated, verbally aggressive, non-compliant, unrestrained inmate that came off the bunk and moved towards him." (Def.'s Rep. at 2.) But (a) the Plaintiff disputes that he was noncompliant and verbally aggressive, and (b) Sgt. Croghan *ordered* the Plaintiff to come off the bunk. In addition, Sgt. Croghan's testimony in the disciplinary hearing separates the stumble from the lunge – he recounts Mr. Short stumbling as he stood up from his bunk, then getting into a fighting stance and lunging while drunkenly veering around the cell. (Disciplinary Hearing) (Document 35.)

threat to be quelled at the time the force was applied. Bringing several officers to the cell and giving verbal orders could be an effort to temper the severity of a forceful response, but, according to Mr. Short's account, those efforts were successful and he was compliant when Sgt. Croghan tased him. A reasonable jury could find that Sgt. Croghan tased Mr. Short maliciously to cause harm and punish him for being intoxicated and questioning his orders, rather than in a good faith effort to maintain order.

The law surrounding excessive force in this context is clearly established, and Sgt. Croghan admitted in his deposition that he understood that it would be a violation to use force to punish an inmate or to use force against a compliant inmate. If a jury credits the evidence put forth by the Plaintiff, the Defendant would not be entitled to qualified immunity. If a jury resolves factual disputes and draws inferences in the Plaintiff's favor, it could find that Sgt. Croghan violated the Plaintiff's clearly established constitutional right to be free of excessive force, deployed for the purpose of causing pain. Therefore, the motion for summary judgment as to the Eighth Amendment claim is denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for Summary Judgment* (Document 30) be **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 3, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA