IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA E. SHORT,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:22-cv-00589

SERGEANT COLE GROGHAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed motions in limine filed by each party in this matter and provides the following rulings to assist the parties in preparing for trial.

1. **Defendant's Motion**

The Court has reviewed *Defendant Cole Croghan's Motion in Limine to Preclude Testimony Regarding Allegations that Plaintiff's Back Was Turned Prior to Use of Force* (Document 36) and the *Plaintiff's Response to Defendant's Motion in Limine to Preclude Testimony that Plaintiff's Back Was Turned* (Document 41). The Defendant contends that the Plaintiff and his counsel should not be permitted to introduce evidence or testify that the "Plaintiff's back was turned based upon where he was struck with the probes of the taser, as such evidence would be of the kind reserved for expert witnesses." (Mot. at 1.) In addition, the Defendant contends that "the physical location of the tase is not relevant to the Plaintiff's overall claim" of excessive or unwarranted force. (*Id.* at 2.)

The Plaintiff argues that his position at the time he was tased is permissible factual lay testimony, and an expert is not required to testify and/or admit evidence as to where the taser prongs punctured his skin.  He further contends that he should be permitted to argue that the location of the taser prong marks on his body is inconsistent with the Defendant's statement that the Plaintiff was facing the Defendant in a fighting stance and lunged forward when the Defendant deployed the taser.

Where the Plaintiff was standing in relation to the Defendant is clearly relevant to the question of whether the force used was reasonable and whether it was applied maliciously or in a good-faith effort to maintain or restore discipline.  As the Defendant's own brief points out, "a jury could infer that, given the location of the taser strike, the force was unwarranted."  (Def.'s Mot. at 2.)   Evidence that goes straight to the core legal issue to be decided is, by definition, highly probative.   There is nothing unfair or confusing about permitting the jury to hear relevant evidence and draw reasonable inferences to decide the case.

The Rules of Evidence regarding expert testimony provide no barrier.  First, much of the evidence described is fact evidence within the personal knowledge of the Plaintiff and other potential witnesses, pursuant to Rule 602.  Counsel may argue that the jury should draw reasonable inferences from the factual evidence, including that taser prong marks on the Plaintiff's back indicate that his back was to the Defendant when the Defendant deployed the taser.  To the extent the Plaintiff or others seek to offer opinion testimony regarding "where Plaintiff was tased, in relation to where his body was positioned," (Def.'s Mot. at 2) such opinions are "rationally based on the witness's perception; helpful to…determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."   Fed. R. Evid.

701. Therefore, the Court **ORDERS** that *Defendant Cole Croghan's Motion in Limine to Preclude Testimony Regarding Allegations that Plaintiff's Back Was Turned Prior to Use of Force* (Document 36) be **DENIED**.

### 2. Restraints

The Court has reviewed the *Plaintiff's Motion in Limine to Attend Trial Without Restraints* (Document 37) and the *Defendant's Response to Plaintiff's Motion in Limine to Attend Trial Without Restraints* (Document 42). The Plaintiff requests permission to "appear at trial without restraints and be referred to as Mr. Short rather than terms such as 'inmate' or 'prisoner.'" (Pl.'s Mot. at 1.) He argues that being shackled in front of the jury would be prejudicial. The Defendant opposes the motion, arguing that the Plaintiff's imprisonment is essential to his claim of excessive force by a correctional officer, such that "there is no inherent need for Plaintiff to deceive or camouflage himself before a jury." (Def.'s Resp. at 1.) It notes that he is serving a sentence for a violent crime.

The Court finds nothing deceptive or misleading in permitting the Plaintiff to appear without handcuffs or requiring that he be referred to by his name, like everyone else in the courtroom. The Defendant has presented nothing suggesting that the Plaintiff poses a threat or constitutes a flight risk, such that restraints would be necessary. Courts have long recognized that visible shackles are prejudicial and violate due process, in the absence of "a special need" during criminal trials. *Deck v. Missouri*, 544 U.S. 622, 626 (2005). In a civil trial where the claims presented make the jury aware that the Plaintiff is a prisoner, handcuffs are not as inherently prejudicial, though there remains a risk that the jury will interpret the handcuffs to indicate that the plaintiff is "dangerous and violent." *Alexander v. Parks*, 834 F. App'x 778, 781 (4th Cir.

2020) (unpublished). In this case, the jury will have to determine whether the Defendant's use of force against the Plaintiff was reasonable. Requiring him to appear in shackles would imply that the Court has determined that the Plaintiff is dangerous, which would be prejudicial in the context of this case. Absent any special security considerations that may be brought to the Court's attention in the future, the Court **ORDERS** that the *Plaintiff's Motion in Limine to Attend Trial Without Restraints* (Document 37) be **GRANTED**.

### 3. Plaintiff's Criminal Record

The Court has reviewed the *Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 39) and the Defendant's *Response to Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 44). The Plaintiff argues that evidence relating to his criminal convictions should be excluded because they are irrelevant, the convictions do not involve a dishonest act or false statement, and any probative value is substantially outweighed by the danger of unfair prejudice. The Defendant argues that the Plaintiff has two felony convictions for first degree robbery that are admissible for impeachment purposes under Rule 609(a).

Federal Rule of Evidence 609(a) provides that evidence of a criminal conviction "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year…must be admitted, subject to Rule 403, in a civil case…" Fed. R. Evid. 609(a)(1)(A). First degree robbery is a felony offense punishable by imprisonment for more than one year. The Defendant indicates it intends to use convictions from within the last ten years, rendering the restrictions on older convictions contained in Rule 609(b) inapplicable. Given that the Plaintiff's status as a prison inmate is relevant to his claims, the Court finds that there is no risk of unfair prejudice that substantially outweighs the probative value of evidence of his criminal

convictions, if introduced for impeachment purposes. However, the Court cautions counsel against delving into the underlying factual specifics of the Plaintiff's prior convictions, which could increase the risk of prejudice, confusion, and wasting time. Therefore, the Court **ORDERS** that the *Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 39) be **DENIED**.

### 4. Prior Bad Acts and History of Alcohol Use

The Court has reviewed the Plaintiff's *Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 38), the *Defendant's Response to Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 43), the *Plaintiff's Motion in Limine to Exclude Testimony Regarding Accusations of Other Crimes, Wrongs, or Acts Related to Plaintiff's Use of Alcohol* (Document 40), and the Defendant's *Response to Plaintiff's Motion in Limine to Exclude Testimony Regarding Accusations of Other Crimes, Wrongs, or Acts Related to Plaintiff's Use of Alcohol* (Document 45).

The Plaintiff seeks to exclude his prison disciplinary record except as it relates to the incident at issue. He also seeks to exclude statements regarding his previous use of alcohol and other allegations of wrongdoing while using alcohol. With respect to both motions, the Defendant indicates that he does not intend to introduce such evidence unless it becomes relevant based on testimony or evidence submitted by the Plaintiff. Accordingly, the Court **ORDERS** that the Plaintiff's *Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 38) and the *Plaintiff's Motion in Limine to Exclude Testimony Regarding Accusations of Other Crimes, Wrongs, or Acts Related to Plaintiff's Use of Alcohol* (Document 40) be **TERMINATED as MOOT**. Should the Defendant believe evidence or

testimony at issue in these motions has become relevant based on the Plaintiff's presentation of evidence, the Court **DIRECTS** counsel to approach the bench prior to seeking to introduce such evidence.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 23, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA